By the Court,
Bkonson, J.
This insane person was admitted into the asylum on the certificate of the first judge of Genesee, made in pursuance of the 26th section of the law of 1842, which provides that the lunatic shall be supported in the asylum at the expense of the county. (Stat. 1842, p. 148.) But it is insisted on the part of the board of supervisors that although the county is answerable in the first instance, the expense is ultimately chargeable upon the town of Alexander, where the lunatic had acquired a legal settlement. In support of this position we are. referred to the 36th, 37th and 39th sections of the act. The 36th section does no more than declare the liability of certain individuals and corporations to the asylum for the expenses of the lunatic. It does not give those who may pay the money to the asylum, a remedy over against any one else. The 37th section, which, in certain cases, declares the primary liability of the county from which the lunatic was sent, does give a remedy over against “ any individual, town, city, or county that is legally liable for the support of such patient.” Now, where does this legal liability rest in the case of Mrs. Dickinson; or rather, does it rest upon the town of Alexander ? I think not. Although she is “ a person in indigent circumstances,” she is “ not a pauper.” If she had been a pauper she could not have been admitted into the asylum on a certificate of the first judge. (§ 26.) She would have come in under the 20th section. Not being a pauper, the town was not liable for her support under the general statute providing for the relief and support of indigent persons. (1 R. S. 613, et seq.) We *173 must then look at the third title of the same statute, which relates to the safe keeping and care of lunatics. (Id. 633.) The first eight sections of the title relate to persons “ furiously mad.” This lady does not belong to that class of lunatics, and consequently her case does not fall within the influence of those sections. The 9th section relates to lunatics who are “ chargeable” to the town or county. This lady was not chargeable to any body, save her husband, at the time she was sent to the asylum; and consequently there was no legal liability upon the town to provide for her support. The 26th section of the law of 1842, under which Mrs. Dickinson went to the asylum, provides for a new class of persons, or a class not mentioned in any prior law; to wit, such as are in indigent circumstances, but not paupers. They are such as usually provide for themselves, or are provided for by friends, and who only need assistance when sent to the asylum in consequence of the visitation of insanity. It is accordingly provided that they shall be admitted into the asylum, and supported there at the expense of the county. As it is a new class of persons, the case does not come within the operation of any prior law, and there is nothing to relieve the county from the burden expressly laid upon it by the 26th section of the act.
The 39th section of the law of 1842 gives the town or county paying for the support of a lunatic in the asylum, the like rights and remedies to recover the amount of such payments, as if the expenses had been incurred for the support of the lunatic at other places, under existing laws. Under the then existing laws the lunatic might have been supported in the New-York lunatic asylum, the county poor house, or in other places to be approved by the overseers of the poor. (1 R. S. 633,4, §§ 1, 2, 4, 5.) And the overseers had a remedy, in certain cases, against the committee and the relatives of the lunatic. (§§ 3, 13.) The 39th section of the law of 1842 creates no new rights or remedies, but only declares that existing ones shall be applicable to the new state of things. It does not give the town or county a remedy over for its expenses, except in cases where such a remedy would have existed had the case arisen under the prior law: and we *174 have already seen that the case of Mrs. Dickinson did not come within the former law, She was neither “ furiously mad,” nor was she “ chargeable” to the town or county.
We think the board of supervisors erred in charging the expense upon the town of Alexander, and a mandamus must therefore be awarded;
Motion granted.